THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. NICOMEDES FIGUEROA, Defendant and Appellant.

No. 8964.   Submitted February 4, 1942.—Decided February 17, 1942.

910

*J. A. Surís Agrait* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The defendant was convicted of a violation of Section 4 of Act No. 25, Laws of Puerto Rico of 1935, Special Session, known as the *Bolita* or Boli-pool Act. He was sentenced to pay a fine of $150 or to serve three months in jail. He appealed to this court, assigning four errors. He contends that the district court erred in admitting in evidence 8,602 boli-pool tickets, in overruling his motion for nonsuit, in admitting in evidence the said boli-pool tickets because they were obtained by an illegal search, and in giving credence to the evidence of The People and in not giving credence to the evidence of the defendant.

All the errors assigned by the defendant are wholly frivolous. The record discloses that at no time during the trial did the defendant object to the admission in evidence of the 8,602 boli-pool tickets. As stated in *People* v. *Silva,* 17 P.R.R. 577, 578, "when a defendant permits evidence to go in which, if proper objection were made would be excluded, he can not be allowed for the first time in the appellate court to object to the character of the evidence". To the same effect, *People* v. *Ramos,* 36 P.R.R. 739, *People* v. *Miranda,* 56 P.R.R. 584.

The defendant complains that the lower court erred in overruling the motion for nonsuit. But after the court had taken this action, the defendant proceeded with his evidence. This court has held that "when a defendant presents his evidence after his motion for a nonsuit has been overruled this

action is a waiver of his motion, the rule being the same in criminal and civil actions." *People* v. *Ojeda,* 26 P.R.R. 392.

The alleged error with reference to illegal search is also without merit. Unless a defendant is taken by surprise when evidence is offered at the trial, a motion attacking the validity of a search warrant and asking for the suppression of evidence so obtained must be filed prior to trial. *People* v. *Capriles,* 58 P.R.R. 551. Far from making such a motion prior to trial, the defendant, as already noted, did not even object at the trial itself to the admission in evidence of the objects allegedly seized. Moreover, the evidence discloses that no search warrant is actually involved in this case. The testimony was that the police, suspecting that the defendant operated a boli-pool bank, were watching his house. When he came out of his house, he proceeded to an adjacent tract of land where sugar cane was growing and picked up a can. When he saw the police approaching him, he dropped the can and ran into his house. The police examined the can and found in it the boli-pool tickets introduced in evidence in this case. Although the police were in possession of a search warrant to search defendant's home, it was never executed and the question of its validity is therefore not involved in this case.

An examination of the record discloses sufficient proof to justify the verdict of guilty rendered by the lower court. In addition to the episode already described in connection with the can of boli-pool tickets, two women testified to the defendant's connection with boli-pool operations. One of the women also testified that the defendant had paid her $25 as a boli-pool prize. The proof of the defendant consisted of three witnesses who testified in substance that they had seen the policemen in the sugar cane field with the can, but that they had not seen the defendant at that place at that time. The defendant took the stand and denied any connection with any boli-pool bank. The lower court chose to believe the testimony of the witnesses for The People of Puerto Rico.

In the absence of any showing of bias, prejudice or partiality on the part of the lower court, its sentence must be affirmed. *People* v. *Báez*, 37 P.R.R. 669, *People* v. *Ortiz*, 56 P.R.R. 26. The judgment of the lower court will be affirmed.